# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHAMPION FOODS, INC.** | * | **CIVIL ACTION NO:** |
| | * | |
| Plaintiff, | * | **SECTION** |
| | * | |
| V. | * | |
| | * | **MAGISTRATE DIVISION** |
| **PRECISE COMMODITIES** | * | |
| and | * | |
| **Edward Forte** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Champion Foods, Inc. ("Champion"), by and through its undersigned counsel, sues Defendant, Precise Commodities ("Precise"), and in support thereof states as follows:

## THE PARTIES

1. Champion is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

2. Champion is therefore a citizen of Louisiana.

3. Precise is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois, and is authorized to do and doing business in this judicial district.

4. Precise is therefore a citizen of Illinois.

5. Edward Forte is an individual of the full age of majority, and upon information and belief, is domiciled and resides in Illinois.

6. Edward Forte is a citizen of Illinois.

## JURISDICTION AND VENUE

7. This is an action for damages in excess of the jurisdictional amount of seventy-five thousand dollars ($75,000.00), exclusive of interest, reasonable attorneys' fees and costs.

8. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332(a)(1); and there is a complete diversity of citizenship between Precise/Edward Forte and Champion.

9. The venue of this action is proper pursuant to 28 USC §1391(b)(2) because a substantial part of the events or omissions giving rise to Champion's claims occurred in this judicial district.

## BACKGROUND FACTS

10. Champion incorporates by reference the allegations set forth in Paragraphs 1 through 9 of this Complaint, and realleges the same as though fully set forth herein.

11. The claims herein revolve around the formation of two promissory notes between Champion and Precise.

12. On or about May 20, 2015, Champion and Precise entered into the first Promissory Note ("Note One").  A copy of Note One is attached hereto as Exhibit "A."

13. Note One provided that Precise was to pay Champion a principal sum of Fifty Thousand and 00/100 ($50,000.00) Dollars on or before June 20, 2015.  *See* Ex. A.

14. Note One further provided that, in the event of a default in payment of the principal not cured within five (5) days from the due date, Champion reserved the right to declare the remainder of the principal sum at once due and payable. *See* Ex. A.

15. Edward Forte executed Note One, on behalf of Precise (the Maker under Note One), as its President. *See* Ex. A.

16. Edward Forte also executed Note One, individually, as a Guarantor of Note One. *See* Ex. A.

17. Precise failed to pay the $50,000.00 due under Note One on or about June 20, 2015, and is in default pursuant to the terms of Note One. *See* Ex. A.

18. Edward Forte, as Guarantor of Note One, also has failed to make any payments whatsoever towards satisfaction of amounts due Champion under Note One.

19. On or about January 7, 2016, Champion and Precise entered into the second Promissory Note ("Note Two").  Note Two is attached hereto as Exhibit "B."

20. Note Two provided that Champion was prepared to pay Precise the amount of Seventy-Five Thousand ($75,000.00) Dollars on January 6, 2016. *See* Ex. B.

21. Note Two also provided the terms of the contract, including a provision that required Precise to return the $50,000.00 originally loaned by Champion in Note One. *See* Ex. B.

22. Specifically, Note Two provided that "[i]f for any reason the transaction in this agreement is not successful, Precise [C]ommodities would repay the $75,000 to Champion Foods." *See* Ex. B.

23. Precise again failed to cure its default in payment of the $50,000.00 principal as promised in Note One, thereby breaching the terms of Note Two.  *See* Ex. B.

24. As such, Champion is entitled to repayment of the $75,000.00 paid to Precise in Note Two. *See* Ex. B.

25. To date, Precise has failed to make any payments on the $50,000.00 principal referenced in Note One or the $75,000.00 referenced in Note Two. Thus, Precise is in default pursuant to the terms of both promissory notes in the total amount of $125,000.00. *See* Ex. A and B.

26. On or about September 9, 2016, through its undersigned counsel, Champion mailed a letter to Precise demanding payment in the amount of $125,000.00 on or before Tuesday, September 13, 2016.  Precise again failed to make any payment.

27. On or about October 14, 2016, through its undersigned counsel, Champion mailed another letter to Precise demanding payment in the amount of $125,000.00 on or before Friday, October 21, 2016.  Precise again failed to make any payment.

28. Champion therefore claims the full amount payable under Note One and Note Two due and owing pursuant to the terms of both promissory notes. *See* Ex. A and B.

## COUNT I – BREACH OF CONTRACT

29. Champion incorporates by reference the allegations set forth in Paragraphs 1 through 28 of this Complaint, and realleges the same as though fully set forth herein.

30. Based on the foregoing facts, Precise undertook an obligation to perform by entering into Note One and Note Two with Champion. *See* Ex. A and B.

31. Also based on the foregoing, Edward Forte, as Guarantor of Note One, undertook an obligation to perform by entering into Note One if the Maker did not perform. *See* Ex. A

32. Precise failed to perform the obligation of Note One by failing to pay the $50,000.00 principal on or before June 20, 2015.

33. Edward Forte, as Guarantor of Note One, failed to perform his obligations under Note One by failing to pay the $50,000.00 principal due under Note One once Precise failed to satisfy its obligation under Note One after demand therefor was made.

34. Precise failed to perform the obligations of Note Two by again failing to pay the $50,000.00 owed to Champion and by failing to repay the $75,000.00. *See* Ex. A and B.

35. As a result of Precise's failure to perform, Champion has been damaged by losses in the amount of at least $125,000.00.

36. As a result of Edward Forte's failure to perform, Champion has been damaged by losses in the amount of at least $50,000.00

37. Therefore, based on the foregoing, Precise and Edward Forte shall be held liable for their breaches of contract under Louisiana law.

## COUNT II – DEFAULT OF PROMISSORY NOTES

38. Champion incorporates by reference the allegations set forth in Paragraphs 1 through 37 of this Complaint, and realleges the same as though fully set forth herein.

39. Based on the foregoing, Precise has default on Note One and Note Two.

40. Also based on the foregoing, Edward Forte, as Guarantor of Note One, has defaulted on Note One.

41. As a result of Edward Forte's default under the terms of Note One, Champion has been damaged in the amount of at least $50,000.00

42. As a result of Precise's default under the terms of Note One and Note Two, Champion has been damaged in the amount of at least $125,000.00.

**WHEREFORE,** Champion prays that it have a general verdict and judgment against Precise for:

    (a)    reimbursement of $125,000.00 and all costs, expenses, and judicial interest;

    (b)    payment of reasonable attorneys' fees and court costs in prosecuting this Complaint;

    (c)    any and all other relief that the finder of fact deems necessary both at law and in equity; and

    (d)    costs as allowed by law.

**WHEREFORE,** Champion prays that it have a general verdict and judgment against Edward Forte for:

    (a)    reimbursement of $50,000.00 and all costs, expenses, and judicial interest;

    (b)    payment of reasonable attorneys' fees and court costs in prosecuting this Complaint;

    (c)    any and all other relief that the finder of fact deems necessary both at law and in equity; and

    (d)    costs as allowed by law.

Respectfully submitted,

***TOBLER LAW FIRM, LLC***

By:   */s/ Chadwick A. Tobler*
**CHADWICK A. TOBLER** (LSBA 34843)
1500 Sugar Bowl Drive, Suite A
Mercedes-Benz Superdome
New Orleans, Louisiana 70112
Telephone: (504) 408-1250
Email: chad@toblerlawfirm.com

***Attorney for Plaintiff,***
***Champion Foods, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system.

*/s/ Chadwick A. Tobler*